UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIE J., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:19-CV-1872-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to evaluate Dr. Jennifer Palermo's opinion. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

On September 3, 2010, Plaintiff filed an application for DIB, alleging disability as of December 31, 2007. *See* Dkts. 9-10, Administrative Record ("AR") 20. The application was denied upon initial administrative review and on reconsideration. *See* AR 20. A hearing was held before ALJ Larry Kennedy on May 8, 2012. *See* AR 41-93. In a decision dated June 6, 2012, ALJ Kennedy determined Plaintiff to be not disabled. *See* AR 34. After the Appeals Council denied Plaintiff's request to review ALJ Kennedy's decision, Plaintiff filed a complaint in United States District Court for the Western District of Washington where the Court reversed and remanded for further proceedings. *See* AR 1-7, 1240. A second hearing was held on December 15, 2015. *See* AR 1098-1147. On May 13, 2016, ALJ Kennedy again found Plaintiff not disabled. *See* AR 1271. On January 30, 2017, the Appeals Council reviewed the decision and remanded the case back to ALJ M. J. Adams. *See* AR 1278-1283. ALJ Adams held a hearing on July 10, 2019. *See* AR 1150-1196. In a decision dated July 23, 2019, ALJ Adams found Plaintiff not disabled. *See* AR 1086. ALJ Adams' July 23, 2019 decision is the Commissioner's final decision, which Plaintiff now appeals.[1] *See* 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly forming Plaintiff's residual functional capacity ("RFC") at Step Five; (2) improperly evaluating Plaintiff's testimony; (3) improperly evaluating the medical opinion evidence, including failure to give proper weight to the April 2016 Veterans Affairs Decision Review Officer Decision

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referring to ALJ Adams and his July 23, 2019 decision.

1  ("VA Decision") which found Plaintiff unemployable since June 2010. Dkt. 12. Plaintiff asks

2  the Court to remand for award of benefits. Dkt. 12, p. 16.

3  STANDARD OF REVIEW

4  Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

5  social security benefits if the ALJ's findings are based on legal error or not supported by

6  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1

7  (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

8  DISCUSSION

9  **I.     Whether the ALJ properly evaluated the medical opinion evidence.**

10  Plaintiff argues the ALJ failed to discuss Dr. Palermo's opinion and erred in evaluating

11  the opinions of Drs. David Sandvik and Gary Gaffield. Dkt. 11, pp. 9-13. Plaintiff also alleges

12  the ALJ erred in his consideration of the VA Decision. *Id*. at pp. 13-14.

13  A.  Dr. Palermo

14  Plaintiff asserts the ALJ erred because he did not discuss Dr. Palermo's opinion. Dkt.

15  11. p. 12. Defendant asserts the ALJ was not required to discuss Dr. Palermo's opinion,

16  arguing the opinion is not significant, probative evidence. *See* Dkt. 12, p. 6. Alternatively,

17  Defendant contends that, even if Dr. Palermo's opinion is significant and probative evidence,

18  the ALJ's failure to discuss it was harmless because Plaintiff did not identify any limitations

19  assessed by Dr. Palermo that are not already contained in the RFC. *Id*. at pp. 6-7.

20  An ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*,

21  739 F.2d 1393, 1394-1395 (9th Cir. 1984). However, an ALJ "may not reject 'significant

22  probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-571 (9th Cir.

23  1995) (quoting *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 3

1  disregarding [such] evidence." *Id.* at 571. In addition, an RFC must take into account all of an

2  individual's limitations. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir.

3  2009). Thus, an ALJ errs when he provides an incomplete RFC ignoring "significant and

4  probative evidence." *Jones v. Colvin*, 2015 WL 71709, at *5 (W.D. Wash. Jan. 6, 2015) (citing

5  *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012)).

6       Dr. Palermo completed a disability benefits questionnaire for Plaintiff to include in her

7  application for VA disability benefits. AR 2730-2739. Dr. Palermo opined Plaintiff met the

8  criteria for PTSD and noted Plaintiff had irritable behavior and angry outbursts (with little or

9  no provocation) typically expressed as verbal or physical aggression toward people or objects,

10 hypervigilance, and problems with concentration. AR 2736. Dr. Palermo found Plaintiff had

11 difficulty in adapting to stressful circumstances, including work or a work-like setting, and

12 inability to establish and maintain effective relationships. AR 2737. After describing Plaintiff's

13 PTSD symptoms, Dr. Palermo opined those symptoms cause clinically significant distress or

14 impairment in social, occupational, or other important areas of functioning. AR 2736. Finally,

15 Dr. Palermo concluded Plaintiff had occupational and social impairment with reduced

16 reliability and productivity. AR 2731.

17      Dr. Palermo's opinion contains limitations that impact Plaintiff's employability. For

18 example, Dr. Palermo opined Plaintiff has difficulty in adapting to stressful circumstances,

19 including work or a work-like setting. AR 2737. Dr. Palermo opined Plaintiff has problems

20 with concentration, reliability, and productivity. AR 2731, 2736; *see Schwitzke v. Berryhill*,

21 2017 WL 3947564 at *2 (W.D. Wash. Sept. 8, 2017) (finding that the claimant's problems

22 with "concentration, persistence, and pace are related to his ability to be employed and is

23 therefore significant, probative evidence"); 20 C.F.R. § 404.1520a(c)(3) (the Commissioner

24

will rate a claimant's degree of functional limitation based on, among other things, the claimant's ability to concentrate, persist, and manage oneself). Dr. Palermo also found Plaintiff is impaired in social, occupational, or other important areas of functioning. AR 2736. As the above limitations opined to by Dr. Palermo relate to Plaintiff's ability to be employed, Dr. Palermo's opinion is therefore significant, probative evidence.

The ALJ did not discuss Dr. Palermo's opinion, despite his identifying many limitations that impact Plaintiff's employability. *See generally* AR 1074-1086. As the ALJ failed to discuss significant, probative evidence, the ALJ erred. *See Flores*, 49 F.3d at 570-571.

Defendant also asserts that, even if Dr. Palermo's opinion is significant, probative evidence, the ALJ's failure to discuss the opinion was harmless error because Plaintiff did not identify any limitations assessed by Dr. Palermo that are not already contained in the RFC. Dkt. 12, pp. 6-7. "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, it is unclear if the RFC contains all the limitations implicated by the impairments assessed by Dr. Palermo. For example, Dr. Palermo opined Plaintiff had occupational and social impairment with reduced reliability and productivity and had problems with

concentration. AR 2731, 2736. Although the RFC contains multiple mental limitations, including a restriction to simple work that could be learned on the job in less than thirty days and no more than occasional contact with the public, it does not contain restrictions on Plaintiff being off task for a certain amount of time or on Plaintiff's absenteeism, both of which could result from Plaintiff's occupational and social impairment with reduced reliability and productivity and problems with concentration. Because it is unclear if the impairments Dr. Palermo opined to are reflected in the limitations the ALJ included in the RFC and because the ALJ did not discuss Dr. Palermo's opinion, the Court cannot determine whether the ALJ included all Dr. Palermo's opined limitations in the RFC or simply ignored her opinion.

Thus, had great weight been given to Dr. Palermo's opinion, the RFC may have included additional limitations and the ultimate disability determination may have changed. The Court therefore finds the ALJ's error is harmful and this case must be remanded. On remand, the ALJ is directed to discuss Dr. Palermo's opinion and, if discounting the opinion, provide specific, legitimate reasons supported by substantial evidence for doing so.

B.  <u>Other opinion evidence</u>

Plaintiff asserts the ALJ erred in evaluating Drs. Gaffield's and Sandvik's opinions. Dkt. 11, pp. 9-13. Plaintiff also alleges the ALJ failed to properly consider the VA Decision, arguing the ALJ's reasons for discounting the VA Decision are contradicted by Dr. Palermo's opinion. Dkt. 11, pp. 13-14. In light of the ALJ's error in failing to address Dr. Palermo's opinion, the Court directs the ALJ to reevaluate Drs. Gaffield's and Sandvik's opinions and the VA Decision on remand**.**

**II.     Whether the ALJ properly evaluated Plaintiff's testimony.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations. Dkt. 11, pp. 5-9. The Court finds the ALJ committed harmful error in failing to assess Dr. Palermo's opinion and is directed to evaluate her opinion on remand. *See* Section I, A. *supra*. Further, the Court directed the ALJ to reassess Drs. Gaffield's and Sandvik's opinions and the VA Decision on remand. *See* Section I, B. *supra*. Because the ALJ's reconsideration of this medical evidence may impact his assessment of Plaintiff's testimony, the Court directs the ALJ to reconsider Plaintiff's testimony on remand.

**III.    Whether the ALJ properly assessed Plaintiff's RFC, the hypothetical questions posed to the vocational expert, and the ultimate Step Five findings.**

Plaintiff maintains that in light of the ALJ's errors, the RFC and hypothetical questions were incomplete, and as such, the Step Five findings were not supported substantial evidence. Dkt. 11, pp. 14-17. The Court concluded the ALJ committed harmful error when he failed to properly consider Dr. Palermo's opinion and must consider it on remand. Additionally, the Court has directed the ALJ to reevaluate medical evidence from Drs. Gaffield and Sandvik and the VA Decision on remand. Accordingly, the ALJ must also reassess the RFC on remand. *See* SSR 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine*, 574 F.3d at 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, he must also reevaluate the findings at Step Five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and

hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider two doctors' findings).

### IV. Whether this cased should be remanded for an award of benefits.

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 11, p. 16. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292.

In this case, the Court has determined the ALJ committed harmful error and has directed the ALJ to evaluate Dr. Palermo's opinion, as well as reevaluate medical evidence from Drs. Gaffield and Sandvik and the VA Decision on remand. Further, the ALJ is directed to reassess Plaintiff's testimony and the RFC on remand, and also reevaluate the findings at Step Five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the RFC. Because outstanding issues remain regarding the medical evidence, Plaintiff's testimony, the RFC, and Plaintiff's ability to

1  perform jobs existing in significant numbers in the national economy, remand for further

2  consideration of this matter is appropriate.

3                                                                  CONCLUSION

4           Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

5  Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

6  this matter is remanded for further administrative proceedings in accordance with the findings

7  contained herein.

8           Dated this 21st day of May, 2020.

9

10                                                                        *[signature]*

11                                                                  David W. Christel
                                                                    United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 9